**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Par Aide Products Company,

Plaintiff,

vs.

ValueLinks Golf Course Accessories,

Defendant,

Civil File No. 01-599 DWF/AJB

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS**

---

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on the motion of defendant ValueLinks Golf Course Accessories (ValueLinks) for dismissal pursuant to Fed. R. Civ. P. 12(b)(2), lack of personal jurisdiction, and Rule 12(b)(3), improper venue. [Docket No. 3] Hearing on the motion was held on October 22, 2001, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101. Mark R. Privratsky, Esq., appeared on behalf of the plaintiff. Michael P. North, Esq., appeared on behalf of the defendant. The matter has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. §636(b)(1).

Defendant ValueLinks Golf Course Accessories is a non-corporate business located in South Carolina. Plaintiff Par Aide Products Company (Par Aide) is located in Minnesota. Both parties are involved in the production and sale of golf related products. The present matter is a patent action in which Par Aide seeks to protect rights pursuant to its patent for a golf flagstick with a drainage ferrule.[1] Defendant contends that its contacts with

---

[1] A ferrule is an attachment on the bottom end of the flagstick marking the hole on each putting green. The ferrule fits into a sleeve in the bottom of the metal cup which lines the hole.

FILED NOV 28 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Minnesota are not sufficient to meet constitutional requirements for personal jurisdiction and the matter should therefore be dismissed. Defendant also asserts that Minnesota is not a proper venue for this action. Plaintiff Par Aide argues, based upon essentially the same facts, that contacts between defendant and Minnesota are sufficient to warrant this Court's exercise of personal jurisdiction over the defendant and that Minnesota is a proper venue for the suit. For reasons discussed below, the Court finds that its lacks personal jurisdiction over the defendant, and further finds that, in any event, Minnesota is an improper venue for the action. The Magistrate Judge therefore recommends that defendant's motion to dismiss be granted and that the matter be dismissed without prejudice.

**Facts and Issues**

Plaintiff Par Aides Products Company is a corporation located in Vadnais Heights, Minnesota. Par Aides manufactures and markets various golf course accessories and owns a patent for a "Golf Flagstick with Drainage Ferrule," United States Patent No. 5,451,045 (the "045 Patent"), which was issued on September 19, 1995. Defendant ValueLinks is organized as a sole proprietorship business operating out of Myrtle Beach, South Carolina. ValueLinks also markets golf course equipment. Plaintiff commenced this action in United States District Court in Minnesota, alleging that defendant is marketing a golf flagstick ferrule which infringes on its patent. Defendant's recognized connections with Minnesota include a single sale of three ferrules to a Minnesota customer which took place on or about March 6, 2001, and an Internet website which can be accessed in Minnesota. The sale occurred when a representative of Midland Hills Country Club in St. Paul, Minnesota, directly contacted the owner of ValueLinks to order the flagsticks and ferrules. Defendant has no regional

distributorship covering Minnesota. The items were shipped by FedEx from South Carolina to Minnesota. The total amount of the sale, including shipping costs, was $49.77. The purchase by Midland Hills Country Club was initiated on request of the president of plaintiff Par Aide for purposes of determining whether defendant would conduct business with a Minnesota customer and in anticipation of a lawsuit. The ValueLinks website which extends to Minnesota provides descriptions, pictures, item numbers and prices of products available from the defendant. The site does not contain a direct online order form, but does include an e-mail response button as well as fax and toll free telephone numbers for direct communications. Defendant now contends that these contacts are minimal and inadequate to satisfy constitutional due process requirement for personal jurisdiction in Minnesota, and that venue is also improper. Plaintiff insists that these contacts are sufficient for purposes of both jurisdiction and venue.

## DISCUSSION

**Personal Jurisdiction**

Defendant ValueLinks Golf Course Accessories contends that due process requirements are not satisfied in this instance because defendant has not purposefully directed activities at forum residents; the claim does not arise out of those activities; and the assertion of personal jurisdiction is not reasonable and fair. Determination on whether a federal court's has jurisdiction over a non-resident party begins with application of a two-step test. Soo Line Railroad Co. v. Hawker Siddeley Canada, Inc., 950 F. 2d 526, 528 (8th Cir. 1991). First, the court asks whether the exercise of jurisdiction is permitted under the forum state's long-arm statute, and second, the court considers whether the exercise of jurisdiction comports with constitutional due process. Zumbro, Inc. v. California Natural Products, 861 F.Supp. 773, 777

(D. Minn. 1994) citing Morris v. Barkbuster, Inc., 923 F.2d 1277, 1280 (8th Cir. 1991). Defendant does not contend that the long-arm statute is ineffective in this instance, and since Minnesota's long-arm statute, Minn. Stat. §543.19 subd. 1(b), extends jurisdiction to the fullest extent permitted by due process, the test is simply whether the exercise of personal jurisdiction conforms with due process. Zumbro, Inc., 861 F.Supp. at 777, citing Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 818 (8th Cir. 1994).

It is the Due Process Clause that mandates application of a standard whereby a forum state may not exercise jurisdiction over a nonresident defendant unless the defendant has sufficient "minimum contacts" with the forum state. Zumbro, Inc. at 778, citing Bell Paper at 818 (8th Cir. 1994). Sufficient contacts exist when the defendant's conduct and connection with the forum state should cause the defendant to reasonably anticipate being drawn into court there. Zumbro, Inc. at 778, citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567 (1980). The "reasonable anticipation" requirement is met when the defendant has engaged in some act through which it purposely avails itself of the privilege of conducting activities within the forum state and thereby invokes the benefits and protections of its laws. Zumbro, Inc. at 778, citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182 (1985). Jurisdiction may not be based solely on random, fortuitous, or attenuated circumstances, or the unilateral activity of another party, Burger King Corp., 105 S.Ct. at 2183, but jurisdiction may be found where the defendant has created "continuing obligations" between itself and residents of the forum state. Id. at 2184. However, even in the event that sufficient contacts exist, due process requires that maintenance of the suit not offend "traditional notions of

fair play and substantial justice."[2] International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945) quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 342 (1940).

As a consequence of the Federal Circuit's exclusive jurisdiction over patent appeals, the due process aspect of personal jurisdiction is assessed through application of Federal Circuit law rather than regional circuit law when the claims arise under patent law. Multi-Tech Systems v. VocalTec Communications, 122 F.Supp.2d 1046, 1049 (D. Minn. 2000) citing 3D Sys., Inc. v. Aarotech Labs., Inc., 160 F.3d 1373, 1377 (Fed. Cir. 1998). A determination on whether specific jurisdiction exists entails consideration of whether defendant purposefully directed its activities at forum residents; whether the claim arises out of or relates to those activities; and whether assertion of personal jurisdiction is reasonable and fair. Multi-Tech Systems at 1049.

Since a substantial amount of commercial business is conducted solely by electronic communications, including the Internet, personal jurisdiction is not dependent upon a defendant's physical presence in the forum state. Id. at 1049, citing Burger King Corp. v.

---

[2] The determination of whether the exercise of personal jurisdiction in a particular case comports with due process may be guided by consideration of five factors, those being: (1) the nature and quality of the defendants contacts with the forum state; (2) the quantity of the contacts; (3) the relation of the cause of action with the forum state; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties. Sybaritic, Inc. v. Interport Intern. Inc., 957 F.2d 522, 524 (8th Cir 1992). Analysis under this framework encompasses the concepts of both "minimum contacts" and "fair play and substantial justice." Id. Furthermore, the factors permit determination on whether personal jurisdiction exists as a result of a specific relationship between the plaintiff's claims and the defendant's activities in the forum state, or exists as a matter of general jurisdiction based upon a nonresident defendant's "continuous and systematic" contacts with the forum state, without regard to the nature of the claims. Zumbro, Inc., 861 F.Supp. 773, 778 (D. Minn. 1994). However, principles other than these five factors may be applied to evaluate the propriety of personal jurisdiction in certain instances. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478, 105 S.Ct. 2174, 2185 (1985).

Rudzewicz, 471 U.S. at 476, 105 S.Ct. at 2184. However, personal jurisdiction may not be based solely upon defendant's maintenance of a website but must be assessed in light of the nature and quality of the commercial activity that the defendant conducts over the Internet. Multi-Tech Systems at 1050. Such assessment may be made by application of the facts to a position on a sliding scale which is marked on one end by a business clearly doing business over the Internet by entering into contracts with residents of other states, and on the other end, a business having a passive website involving nothing more than advertising. Id. A website which allows some exchange of information falls somewhere in the middle of the sliding scale spectrum and the activities that are conducted must be further assessed to determine the level of interactivity that is promoted and the nature of information exchanges that occur. Id.

The website at issue in this case leans heavily, if not entirely, towards the passive end of the spectrum of activities that may be construed as Internet business. Activity which is mere advertising is generally not considered business activity for purposes of personal jurisdiction. It is not disputed that the content of ValueLink's website includes product descriptions, item numbers, pictures and prices. Such information is the essence of advertising. The website also provides a fax number and a toll free telephone number, but of course, product advertising has little purpose without notification of communications channels, and the presentation of such information therefore adds nothing to the quality of the website contact. The question then remains whether the presence of a website e-mail response option constitutes significant interactivity as plaintiff insists. The Court declines plaintiff's invitation to make such a finding. The e-mail opportunity may enhance communications, but it does not necessarily enhance business. E-mail is merely a communications preference, having no inherent qualitative

differences from a telephone call through which the ability to access is largely the same, except perhaps for the number of buttons which must be pushed. Indeed, the one business transaction which is advanced as a basis for personal jurisdiction in this case was initiated by plaintiff's telephone contact and not by using the website e-mail. Though such communication could clearly lead to actual business activity, the mere existence of the e-mail option is not evidence of interactivity or business contact. The website in this case is fully passive advertising and does not support an assertion of personal jurisdiction. Likewise, Par Aide's contention that its claim arises out of and relates to defendant's activities in Minnesota cannot be supported by the existence of the website e-mail under circumstances in which plaintiff's business transaction did not take place via Internet e-mail. It is indeed noteworthy that the relationship between the product and the website at issue in this matter does not involve the sale of computer software and neither the defendant's business nor the sale of its products is otherwise dependent upon the existence of software which can be downloaded off the website. With respect to the claim that sale of a flagstick ferrule to a Minnesota customer is itself an act of patent infringement taking place in Minnesota and which thereby establishes personal jurisdiction, the Court finds the argument unavailing. Plaintiff is attempting to adapt a concept that has been applied in the context of a patent relating specifically to interactive technology for use on the Internet, Multi-Tech Systems v. VocalTec Communications, 122 F.Supp.2d 1046, 1051, and applying such a concept to a broader issue of jurisdiction in patent cases. The analogy simply does not work in this instance and the effort to apply it largely distorts the more fundamental and direct question of whether the nature and number of business transactions between the plaintiff and the forum is sufficient to establish personal jurisdiction over the defendant. In that regard the evidence of

contacts indicates that defendant ValueLinks has not deliberately engaged in significant activities in Minnesota and has not created any continuing obligations between itself and forum residents. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76, 105 S.Ct. 2174, 2183-84 (1985). Under the circumstances of the business conducted in this case, and giving due consideration the existence of a nationally accessible though passive website and the cause of action based upon patent law, the contacts between defendant ValueLinks and Minnesota are highly attenuated and are not sufficient to establish that defendant has purposely established minimum contacts with Minnesota. Id., 105 S.Ct. at 2184. Defendant's motion to dismiss for lack of jurisdiction over the person pursuant to Fed. R. Civ. P. 12(b)(6)(2) should be granted.

**Venue**

Defendant also moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(3) based upon the assertion that the District of Minnesota is an improper venue in which to adjudicate the case. 28 U.S.C. § 1391(c) provides that for venue purposes a corporate defendant shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction, and 28 U.S.C. § 1400(b) provides that civil actions for patent infringement may be brought in the district where the defendant resides or has committed acts of infringement and has an established place of business. Defendant ValueLinks contends that venue cannot be proper because it is not a corporation subject to the venue provision at 28 U.S.C. § 1391(c), and it neither resides nor has a place of business for purposes of venue under 28 U.S.C. § 1400(b). Plaintiff asserts, in purely conclusory fashion, that venue is proper under 28 U.S.C. § 1391(c) because "ValueLinks resembles a business corporation in all respects except its choice of legal structure."[3] In fact,

---

[3] Plaintiff's Response to Defendant's Motion to Dismiss, page11.

defendant's choice of legal structure is the critical distinction and plaintiff cites absolutely no facts or applicable authority to support the legally interesting contention that the defendant sole-proprietorship so closely resembles a corporation that the clear language of the statute should be ignored. Minnesota is not a permissible venue in this action pursuant to 28 U.S.C. § 1391(c) under circumstances whereby defendant is not a resident corporation or like business association and is not subject to the personal jurisdiction of the Court. In addition, Minnesota is not a proper venue under 28 U.S.C. § 1400(b) where defendant is not a resident of the state and has no regular and established place of business in the state. Venue of this action is Minnesota is not proper and defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) should be granted.[4]

## RECOMMENDATION

For the reasons stated above, it is hereby **recommended** that defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), lack of personal jurisdiction, and Fed. R. Civ. P. 12(b)(3), improper venue, be **granted** [Docket No. 3]. This action should be **dismissed** without prejudice to plaintiff's right to proceed in an appropriate forum.

Dated: 11/28/01

Arthur J. Boylan
United States Magistrate Judge

[4] By way of footnote plaintiff requests that in the event venue is found to be improper, in the interests of justice this matter be transferred to the United States District Court for South Carolina, Florence Division, pursuant to 28 U.S.C. § 1406(a). There is no alternative motion to transfer venue and the Court finds no basis to conclude that justice requires transfer of this case to another district where there is no apparent legal impediment to simply re-filing the action in an appropriate forum.

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before December 12, 2001.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.